UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON J. THOMPSON,
   Plaintiff,

vs.                                                                                  No. 10-1101

PATRICK QUINN, et. al,
   Defendants

## MERIT REVIEW ORDER OF DISMISSAL

      This cause is before the court for case management. The pro se plaintiff has filed three cases alleging the same claims against the same defendants. On February 19, 2010, the plaintiff filed a complaint against nine defendants at the Pontiac Correctional Center alleging that he had been denied medical care. The plaintiff filed the complaint in the United States District Court for the Northern District of Illinois. *See Thompson v. Quinn*, Case No. 10-1141. On March 16, 2010, the Northern District appropriately transferred the initial case to the Central District where venue was proper. *See Thompson v Quinn,* Case No. 10-1065. [d/e 6]. Therefore, even though the case in the Northern District was filed first, it was assigned a higher case number when it was reopened in the Central District of Illinois.

      On February 25, 2010, the plaintiff filed 10-1051 with identical claims against 12 defendants in the United States District Court for the Central District of Illinois. *See Thompson v Quinn,* Case No. 10-1051. Therefore, on April 10, 2010, that case was dismissed because it was duplicative of Case No. 10-1065.

      On March 22, 2010, the plaintiff filed a complaint in the United States District for the Southern District. *See Thompson v. Quinn*, Case No. 10-217-DRH. On April 14, 2010, the Southern District appropriately transferred the initial case to the Central District where venue was proper. The case was reopened in the Central District of Illinois and assigned the instant case number 10-1101. *See Thompson v. Quinn*, Case No. 10-1101. The plaintiff alleges the same claims against the same defendants as those in 10-1051 and 1065.

      The plaintiff can only proceed with one case. He is proceeding on these claims and these defendants in 10-1065. Therefore, the court will dismiss the instant case. The plaintiff will still owe the filing fee because he intentionally filed three separate lawsuits in three separate courts on the same claims and same defendants and made no effort to inform either court. Each complaint was filed with its own motion to proceed *in forma pauperis* and motion for appointment of

counsel.

The court finds that the plaintiff's act of filing the same claims against the same defendants in three separate lawsuits in three separate courts was frivolous. The plaintiff certainly has the right to file complaints, but the plaintiff cannot waste the court's resources by filing frivolous lawsuits. The court notes that 730 ILCS 5/3-6-3(d) provides that "[i]f a lawsuit is filed by a prisoner in an Illinois or federal court against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees, and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections shall conduct a hearing to revoke up to 180 days of good conduct credit by bringing charges against the prisoner sought to be deprived of the good conduct credits before the Prisoner Review Board as provided in subparagraph (a)(8) of Section 3-3-2 of this Code. If the prisoner has not accumulated 180 days of good conduct credit at the time of the finding, then the Prisoner Review Board may revoke all [future] good conduct credit accumulated by the prisoner."

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to dismiss *Thompson v Quinn*, Case No. 10-1101. This case is duplicative of other cases the plaintiff filed. *See Thompson v Quinn*, Case No. 10-1065 and 10-1051. All pending motions are denied as moot.**

**2) As the lawsuit is frivolous, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to record the strike in the three strikes log.**

**3) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g)**

**4) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall**

not exceed the statutory filing fee of $350.00.

5) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

6)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

7) The clerk of the court is directed to mail a copy of this order to the Illinois Attorney General, to the attention of Chris Higgerson, Assistant Illinois Attorney General.

Entered this 27th day of April, 2010.


                                                      **\s\Harold A. Baker**
                               _____
                                              HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE